IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH G. ROBERTS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-16-3612 |
| JOHN HENDERSON, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned Complaint was filed on November 2, 2016, together with a Motion for Leave to Proceed in Forma Pauperis.  Plaintiff Joseph G. Roberts seeks $1 million in damages and alleges that Cecil County Public Defender John Henderson "violated my rights to defend myself by entering his appearance in my Cecil County District Court Case (0K76825) in Septemb [sic] 2016," and "advocated for the State['s] Attorney by getting my case postpone[d]." (ECF No. 1 at p. 3.)  The Complaint shall be dismissed for the reasons set forth below.

### Background

Maryland's electronic docket for District Court Case 0K00076825, charging Roberts with possession of a drug other than marijuana, reveals only that an "attorney appearance [was] filed" on August 15, 2016, that Roberts's trial was postponed on September 19, 2016, and that a motion to strike appearance was filed on October 27, 2016, and denied by the district court on November 4, 2016.[1]  The docket also reveals that the Maryland Office of the Public Defender was in some way involved in Roberts's other pending District Court criminal cases, including No. 3K00076940, charging Roberts with disorderly conduct, which was moved to the stet docket

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? caseId=0K00076825&loc.


on October 26, 2016,[2] and No. 2K00076946, involving the consumption of alcoholic beverages in public, to which Roberts pleaded guilty on October 19, 2016.[3] Finally, the court notes that Roberts, who was not held prior to trial on the above-listed misdemeanors, was arrested on October 5, 2016, and charged with animal cruelty, resisting arrest, and possession of drug paraphernalia in District Court Criminal Case No. D032CR16000667.[4] In that case, Roberts was held one day until he posted bail. He is represented by Assistant Public Defender Thomas E.L. Klenk, and trial is scheduled for November 21, 2016.

## Standard of Review

This court may preliminarily review the claims in Plaintiff's Complaint and dismiss it pursuant to 28 U.S.C. § 1915(e) prior to service if satisfied that it has no factual or legal basis and it is frivolous on its face. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996). The instant Complaint shall be dismissed as frivolous pursuant to this standard.

## Analysis

A threshold requirement for filing an action pursuant to 42 U.S.C. § 1983 is that the defendant must be acting "under color of" state law. A defense attorney, whether privately retained or publicly appointed, is not deemed to be acting under state law and is therefore not amenable to suit under § 1983. There is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980). Here, it appears that Attorney Henderson, a

---

[2] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=3K00076940&loc.

[3] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=2K00076946&loc.

[4] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=D032CR16000667&loc.

public defender, was assigned to Roberts's drug possession case, appeared briefly to obtain postponement on September 19, 2016, and has unsuccessfully moved to strike his appearance in that case.  Henderson's only involvement in Roberts's criminal case has been undertaken solely because Henderson was assigned to the case to fulfill his duty as a public defender.  Consequently, a § 1983 cause of action may not rest against Henderson.

Roberts is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate Order follows.


November 7, 2016                                     /s/
Date                                         James K. Bredar
                                             United States District Judge